**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**March 2, 2015**

**TENTH CIRCUIT**

**Elisabeth A. Shumaker**
**Clerk of Court**

DAVID B. HOECK,

             Petitioner - Appellant,

v.

RAE TIMME, Warden; THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

             Respondents - Appellees.

No. 14-1229
(D.C. No. 1:13-CV-02575-WJM)
(D. Colorado)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **GORSUCH**, **MURPHY,** and **HOLMES**, Circuit Judges.

This matter is before the court on David Hoeck's pro se requests for a

certificate of appealability ("COA") and for permission to proceed on appeal *in*

*forma pauperis*.  Hoeck seeks a COA so he can appeal the district court's denial

of his 28 U.S.C. § 2254 petition.  *See* 28 U.S.C. § 2253(c)(1)(A) (providing no

appeal may be taken from a final order denying a § 2254 petition unless the

petitioner first obtains a COA).  Because Hoeck has not "made a substantial

showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), this court

**denies** his request for a COA and **dismisses** this appeal.  Nevertheless, we **grant**

his motion for leave to proceed on appeal in forma pauperis.

Following a jury trial in Colorado state court, Hoeck was convicted of possession of cocaine with intent to distribute. The trial court sentenced Hoeck to an eighteen-year term of imprisonment. After exhausting his state court remedies without obtaining any relief, Hoeck filed the instant § 2254 habeas petition raising eighteen claims, one of which contained multiple subclaims. In two exceedingly comprehensive orders, the district court concluded the claims set out in Hoeck's habeas petition either failed to present federal issues, were procedurally barred, or were without merit.

The granting of a COA is a jurisdictional prerequisite to Hoeck's appeal from the denial of his § 2254 petition. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To be entitled to a COA, he must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, Hoeck must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (quotations omitted). When a district court dismisses a § 2254 claim on procedural grounds, a petitioner is entitled to a COA only if he shows both that reasonable jurists would find it debatable whether he had stated a valid constitutional claim and debatable whether the district court's procedural ruling was correct. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). In evaluating whether Hoeck has satisfied his burden,

this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Miller-El*, 537 U.S. at 338. Although Hoeck need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.* (quotations omitted).

Having undertaken a review of Hoeck's appellate filings, the district court's orders, and the entire record before this court pursuant to the framework set out by the Supreme Court in *Miller-El*, we conclude Hoeck is not entitled to a COA. In so ruling, this court has nothing to add to the district court's thorough analysis, as set out in its orders dated February 3, 2014, and April 21, 2014. Accordingly, this court **DENIES** Hoeck's request for a COA and **DISMISSES** this appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge